1  John S. Kyle, Esq. (SBN 199196)
   **KYLE HARRIS LLP**
2  2305 Historic Decatur Road, Suite 100
   San Diego, CA 92106
3  Tel:   (619) 600-0086
   Fax:   (619) 600-5144
4  jkyle@klhipbiz.com

5  Todd E. Jones (applying for admission *pro hac vice*)
   Email: tjones@taylorenglish.com
6  Coby S. Nixon (applying for admission *pro hac vice*)
   Email: cnixon@taylorenglish.com
7  **TAYLOR ENGLISH DUMA LLP**
   1600 Parkwood Circle, Suite 200
8  Atlanta, Georgia 30339
   Telephone: (770) 434-6868
9  Facsimile: (404) 434-7376

10 *Attorneys for Plaintiffs*
   *Echologics, LLC,*
11 *Mueller International, LLC, and*
   *Mueller Canada, Ltd. d/b/a Echologics*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| ECHOLOGICS, LLC, MUELLER INTERNATIONAL, LLC, and MUELLER CANADA, LTD. d/b/a ECHOLOGICS,<br><br>Plaintiffs,<br><br>v.<br><br>ORBIS INTELLIGENT SYSTEMS, INC.,<br><br>Defendant. | Case No. **'21CV1147 WQHAHG**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiffs, Echologics, LLC, Mueller International, LLC ("Mueller International"), and Mueller Canada, Ltd. d/b/a Echologics ("Mueller Canada") (collectively, "Plaintiffs" or "Echologics"), through their attorneys, hereby demand a jury trial and complain of Defendant Orbis Intelligent Systems, Inc. ("Defendant" or "Orbis") as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, to enjoin and obtain damages resulting from Orbis's infringement of Echologics's U.S. Patent No. 10,881,888 ("the '888 Patent" or "the Asserted Patent").

2. In this action, Echologics seeks damages, injunctive relief, attorneys' fees, costs, and interest for Orbis's acts of willful patent infringement.

## PARTIES

3. Plaintiff Echologics, LLC is a Delaware limited liability company with a principal place of business at 1200 Abernathy Road NE, Atlanta, GA 30328.

4. Plaintiff Mueller International is a Delaware limited liability company with a principal place of business at 1200 Abernathy Road NE, Atlanta, GA 30328.

5. Plaintiff Mueller Canada is a Canadian limited company with a principal place of business at 82 Hooper Road, Barrie, Ontario, Canada L4N 8Z9.

6. Upon information and belief, Defendant Orbis is a Delaware corporation with a principal place of business at 7710 Kenamar Court, San Diego, CA 92121.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Orbis based on its principal place of business in this District, its registration to do business in California, its continuous and systematic minimum contacts with residents of California through

the making, distribution, offering for sale, and sale of products and services in California, and its acts of patent infringement committed in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Orbis has committed acts of infringement and has a regular and established place of business in this District. Further, this District is a convenient and appropriate venue for this action due to Orbis's principal place of business in this District.

## FACTUAL BACKGROUND

### Plaintiffs and the Asserted Patent

10. Plaintiffs are indirect subsidiaries of Mueller Water Products, Inc. ("MWP"), a public company with subsidiaries that are leading manufacturers of products and services used in the transmission, distribution, and measurement of water. MWP and its subsidiaries have been providing innovative products for over 160 years.

11. Echologics provides technologies, products, and services that can non-invasively (without disrupting service or introducing a foreign object into the water system) detect underground leaks and assess the condition of water mains.

12. Echologics has spent millions of dollars on research and development to develop new products and improve and refine existing products. As a result of Echologics's history and dedication to innovation, Echologics has been awarded numerous United States patents, and has additional United States patent applications pending that cover various aspects of Echologics's technologies, products, and services.

13. The Asserted Patent, in particular, covers various aspects of an infrastructure monitoring assembly comprising a nozzle cap for a fire hydrant and an antenna covered by an antenna cover that is attached to the nozzle cap. The antenna may be used to transmit a signal carrying data gathered by one or more sensors within the nozzle cap. This results in a "smart" fire hydrant that can detect

leaks early and help utilities prioritize repairs based on actual need and allocate field crew resources more effectively.

14. The '888 Patent issued on January 5, 2021, is entitled "Infrastructure Monitoring Devices, Systems, and Methods," and names Gregory Hyland, Robert Keefe, Marietta Zakas, and Clayton Barker as inventors. Plaintiff Mueller International owns by assignment the right, title, and interest in the '888 Patent. A true and correct copy of the '888 Patent is attached hereto as Exhibit A.

## Acts Giving Rise to this Action

15. The allegations provided below are exemplary and without prejudice to Echologics's infringement contentions. In providing these allegations, Echologics does not convey or imply particular claim constructions or the precise scope of the claims. Echologics's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

16. Orbis provides monitoring products and services for pipeline infrastructure. In or around August 2019, Orbis introduced a "SmartCap" nozzle cap assembly as part of its "Prodigy" product line.

17. Based on Orbis's marketing literature, trade show activities, and other representations about the original SmartCap product design, Echologics filed a complaint for patent infringement against Orbis in the U.S. District Court for the District of Delaware on October 28, 2019, and included detailed allegations showing that the original SmartCap infringed U.S. Patent Nos. 10,305,178 ("the '178 Patent) and 10,386,257 ("the '257 Patent"). The parties' prior lawsuit was styled *Echologics, LLC, et al. v. Orbis Intelligent Systems, Inc., et al.*, Civil Action No. 1:19-cv-02036-RGA (D. Del.) (hereinafter, "the Delaware Action").

18. After the Delaware Action began, Orbis contended that the SmartCap design was not yet complete when Echologics filed its complaint, and that Orbis had redesigned the SmartCap.

19. On June 21, 2021, the Delaware Action was resolved and the parties entered into a stipulation dismissing Echologics's infringement claims with prejudice as to the '178 Patent and the '257 Patent, without limiting or otherwise impacting Echologics's right to enforce any other existing or subsequently issuing patents, including but not limited to the '888 Patent.

20. According to Orbis, the current, redesigned SmartCap product "turns any hydrant into a smart hydrant." See Orbis's "Prodigy SmartCap" webpage, available at: https://www.orbis-sys.com/products/prodigy-smartcap, attached hereto as Exhibit B. See also Orbis's specification sheet for the "Prodigy SmartCap" product, attached hereto as Exhibit C, which claims that the SmartCap can "Turn Your Hydrant Into a Smart Hydrant."

21. Attached as Exhibit D are photographs taken by Echologics in December 2020 of a redesigned SmartCap in the field. A photo from Exhibit D showing the SmartCap (painted predominantly yellow) on the nozzle of a fire hydrant (painted red) is reproduced below:



22. As described in more detail below, each element of at least one claim of the '888 Patent is literally present in the current SmartCap product, or is literally practiced by the process through which the current SmartCap product is made

and/or used. To the extent that any element is not literally present or practiced, each such element is present or practiced under the doctrine of equivalents.

23. Orbis's SmartCap product is a non-limiting example that was identified based on publicly available information. Echologics reserves the right to identify additional activities, products, and services, including but not limited to other Orbis products within its Prodigy product line, found to be infringing the Asserted Patent and/or other of Echologics's patents on the basis of, e.g., information obtained during discovery in this action.

24. In short, despite redesigning the SmartCap product, Orbis is making extensive use of Echologics's patented technologies, including the technology described and claimed in the Asserted Patent. Echologics has no choice but to defend its proprietary and patented technology. Echologics thus requests that this Court award Echologics damages sufficient to compensate for Orbis's infringement of the Asserted Patent, find this case exceptional and award Echologics its attorneys' fees and costs, and grant preliminary and permanent injunctions against Orbis to prevent ongoing infringement of the Asserted Patent.

## COUNT I
## DIRECT AND INDIRECT INFRINGEMENT OF
## U.S. PATENT NO. 10,881,888

25. Echologics incorporates by reference and realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

26. Orbis has had knowledge of the '888 Patent, and its infringement of that patent, at least as of the filing and service of this Complaint.

27. Orbis is engaged in the design, manufacture, testing, use, importation, sale and/or offering for sale in the United States of nozzle cap products and related products and services that directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 3, 5, and 7 of the '888 Patent.

28. Additionally, on information and belief, Orbis is engaged in the

design, manufacture, testing, use, importation, sale, and/or offering for sale in the United States of nozzle cap products and related products and services that indirectly infringe, either literally or under the doctrine of equivalents, the '888 Patent.

29. For example, users of Orbis's SmartCap product, including Orbis's customers, distributors, suppliers, and end-users, commit acts of direct infringement when they use the SmartCap product in an infrastructure monitoring assembly in accordance with at least claims 1, 2, 3, 5, and 7 of the '888 Patent.

30. Orbis has knowledge of these acts of direct infringement of claims 1, 2, 3, 5, and 7 of the '888 Patent and nevertheless actively induces users, with specific intent, to infringe by, for example, instructing them how to use the SmartCap product in an infringing manner in Orbis's product literature and promotional materials and providing them with subscription-based monitoring services using data transmitted from the SmartCap product in an infringing manner. Orbis further contributes to these acts of direct infringement because Orbis's SmartCap product performs a material part of the claimed inventions of the '888 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and Orbis knows that the SmartCap product is especially made and adapted for use in an infringing manner.

31. For example, claim 1 of the '888 Patent requires "[a]n infrastructure monitoring assembly." Orbis's SmartCap product is designed for supplying one or more sensors and an antenna on a fire hydrant to provide an infrastructure monitoring assembly. See, e.g., Exhibit C ("Designed to fit on any style of fire hydrant, the Prodigy SmartCap monitors your infrastructure for leaks, flow events, changes in temperature, and tamper incidents - prior to the onset of these critical events.").

32. Claim 1 of the '888 patent further requires "a fire hydrant, the fire hydrant defining a nozzle, the nozzle defining external threading at a nozzle end of

the nozzle." The SmartCap product is designed for attaching to the nozzle of a fire hydrant, where the fire hydrant has a nozzle that defines external threading at a nozzle end of the nozzle. See, e.g., Exhibit B ("SmartCap fits onto standard fire hydrants by simply replacing the pumper nozzle cap."); Exhibit C ("Attachment means: Screw-on hydrant cap"); Exhibit D:

33. Claim 1 of the '888 patent further requires "a nozzle cap, the nozzle cap comprising a metallic material, the nozzle cap defining a first nozzle cap end and a second nozzle cap end." The SmartCap product includes a nozzle cap (identified below) that meets this limitation (Exhibit D):



See also, e.g., Exhibit B ("SmartCap fits onto standard fire hydrants by simply replacing the pumper nozzle cap."); Exhibit C ("Enclosure material: Cast iron (red, yellow or grey)").

34. Claim 1 of the '888 patent further requires "a threaded bore extending into the nozzle cap from the second nozzle cap end to a bore shoulder defined between the first nozzle cap end and the second nozzle cap end, the threaded bore engaging the external threading." The SmartCap product's nozzle cap meets this limitation. See, e.g., Exhibit B ("SmartCap fits onto standard fire hydrants by simply replacing the pumper nozzle cap."); Exhibit C ("Attachment means: Screw-on hydrant cap"). Further, based on Echologics's understanding of the current state of the art and the design requirements for fire hydrant nozzles and nozzle caps, the bore shoulder in the SmartCap product's nozzle cap is defined between the first nozzle cap end and the second nozzle cap end (Exhibit D):



35. Claim 1 of the '888 patent further requires "a gasket contacting the nozzle end and the bore shoulder in sealing engagement and sealing a nozzle bore of the nozzle." Based on Echologics's understanding of the current state of the art and the design requirements for fire hydrant nozzles and nozzle caps, the SmartCap product's nozzle cap includes a gasket that meets this limitation to seal the nozzle bore of the fire hydrant nozzle. For example, a gasket is needed between the nozzle end of the fire hydrant and the bore shoulder inside the nozzle cap to prevent water from leaking out of the fire hydrant nozzle. See, e.g., Exhibit C ("Installation environment: IP67").

36. Claim 1 of the '888 patent further requires "an antenna cover attached to the nozzle cap, the antenna cover comprising a non-metallic material, the antenna cover defining a first antenna cover end and a second antenna cover end, the first antenna cover end defined opposite from the second antenna cover end." The SmartCap product includes an antenna cover (identified below) that meets this limitation (Exhibit D):



37. Claim 1 of the '888 patent further requires "the second antenna cover end positioned between the first nozzle cap end and the bore shoulder of the nozzle cap, the second antenna cover end positioned between the first antenna cover end and the second nozzle cap end." The SmartCap product's antenna cover (identified below) meets this limitation (Exhibit D):



11   COMPLAINT FOR PATENT INFRINGEMENT

38. Claim 1 of the '888 patent further requires "an antenna covered by the antenna cover." The SmartCap product includes an antenna covered by the antenna cover (identified above) that meets this limitation. See also, e.g., Exhibit B ("the Prodigy SmartCap is a non-invasive pipeline network monitoring device that provides real-time data via patented sensors and wireless IoT connectivity."); id. ("CAT M1 cellular connectivity"); Exhibit C ("Operating Mode: Fully wireless – LTE CAT M1 connectivity").

39. Echologics thus requests that this Court award Echologics damages sufficient to compensate for Orbis's infringement of the '888 patent, find this case exceptional and award Echologics its attorneys' fees and costs, and grant preliminary and permanent injunctions against Orbis to prevent ongoing infringement of the '888 patent.

40. Echologics is without an adequate remedy at law and will be irreparably harmed if the Court does not enter an order enjoining Orbis from infringing the '888 patent.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Echologics, LLC, Mueller International, LLC, and Mueller Canada, Ltd. d/b/a Echologics respectfully request that the Court find in their favor and against Defendant Orbis Intelligent Systems, Inc., and that the Court grant Plaintiffs the following relief:

(a) An adjudication that Plaintiffs' rights in the Asserted Patent are valid and enforceable;

(b) An adjudication that one or more claims of the Asserted Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

| | | |
|---|---|---|
| 1 | (c) | An adjudication that, in accordance with 35 U.S.C. § 283, Defendant, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active or concert or participation with any of them, are preliminarily and permanently enjoined from infringing the Asserted Patent. |
| | (d) | An award of damages sufficient to compensate Plaintiffs for Defendant's direct infringement of the Asserted Patent, including lost profits suffered by Plaintiffs as a result of Defendant's direct infringement of the Asserted Patent, and in an amount not less than a reasonable royalty. |
| | (e) | An award of damages sufficient to compensate Plaintiffs for Defendant's indirect infringement of the Asserted Patent, including lost profits suffered by Plaintiffs as a result of Defendant's infringement and in an amount not less than a reasonable royalty; |
| | (f) | An order awarding Plaintiffs treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the Asserted Patent; |
| | (g) | A finding that the case is exceptional under 35 U.S.C. § 285 and that Plaintiffs shall be awarded their attorneys' fees; |
| | (h) | An award to Plaintiffs of their costs and expenses in this action; |
| | (i) | An award of pre-judgment and post-judgment interest to Plaintiffs; and |
| | (j) | Such other and further relief as the Court may deem just and proper under the circumstances. |

Dated:  June 22, 2021　　　　**KYLE HARRIS LLP**
　　　　　　　　　　　　　　By:　*s/John S. Kyle*
　　　　　　　　　　　　　　　　John S. Kyle
　　　　　　　　　　　　　　　　2305 Historic Decatur Road, Suite 100
　　　　　　　　　　　　　　　　San Diego, CA 92106
　　　　　　　　　　　　　　　　Tel:　(619) 600-0086
　　　　　　　　　　　　　　　　Fax:　(619) 600-5144
　　　　　　　　　　　　　　　　jkyle@klhipbiz.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TAYLOR ENGLISH DUMA LLP**
Todd E. Jones
tjones@taylorenglish.com
(applying for admission *pro hac vice*)
Coby S. Nixon
cnixon@taylorenglish.com
(applying for admission *pro hac vice*)
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
(770) 434-6868

Attorneys for Plaintiffs
ECHOLOGICS, LLC,
MUELLER INTERNATIONAL, LLC, and
MUELLER CANADA, LTD. D/B/A
ECHOLOGICS