UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOLOGICS, LLC; MUELLER INTERNATIONAL, LLC; and MUELLER CANADA, LTD., <br><br>Plaintiffs,<br><br>v.<br><br>ORBIS INTELLIGENT SYSTEMS, INC. and ORBIS INTELLIGENT SYSTEMS, INC.,<br><br>Defendants. | Case No.: 3:21-cv-01147-RBM-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DEADLINES TO RAISE DISCOVERY DISPUTES WITH THE COURT**<br><br>[ECF No. 37] |

  Before the Court is the parties' joint motion to extend deadline to raise discovery disputes with the Court. ECF No. 37. Under the Court's 45-Day Rule (*see* Chmb.R. at 2–3), the parties would have been required to bring any discovery dispute regarding

Defendants' responses[1] to the Court's attention by April 14, 2022, and any dispute regarding Plaintiffs' responses[2] to the Court's attention by April 22, 2022. ECF No. 37 at 2. The parties seek an order from the Court extending these deadlines by approximately 14 days. *Id*. at 3.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). A "party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have engaged in comprehensive and ongoing meet and confer efforts regarding each side's discovery responses. ECF No. 37-1 at 2–3; ECF No. 37 at 2. The parties represent that they are continuing to collect and produce responsive information, and are continuing to confer

---

[1] Defendants' responses at issue here regard Plaintiffs' Requests for the Production of Documents ("RFP") Nos. 18, 34, 35, 45, 46, and 60, which Defendants responded to on February 28, 2022. ECF No. 37 at 2.

[2] Plaintiffs' responses at issue here regard Defendants' RFP Nos. 11, 12, 13, 16, 25, 26, 27, 37, 38, 39, 41, 42, 43, 44, 45, and 51, and Interrogatory Nos. 4 and 8, which Plaintiffs responded to on March 9, 2022. ECF No. 37 at 2.

cooperatively to resolve their discovery disputes without the Court's intervention. ECF No. 37-1 at 2–3. The parties are also in the midst of negotiating a protective order, after which additional documents will be produced. *Id*. at 3. Hence, the parties seek an order from the Court extending the deadline raise their disputes, to April 28 regarding Defendants' responses and to May 6 regarding Plaintiffs' responses, to facilitate a cooperative resolution. *Id*. at 2.

The Court appreciates that the parties have been working together to resolve their disputes without Court intervention. The Court finds that the parties have demonstrated the diligence necessary to meet the good cause standard. Therefore, the Court **GRANTS** the motion. The Court, however, finds it preferable for the parties to raise all disputes at the same time. Thus, the Court **ORDERS** the parties to continue meeting and conferring in an effort to resolve or narrow the disputes, and the parties must bring any unresolved discovery dispute regarding Plaintiff's responses at issue and Defendants' responses at issue to the Court's attention[3] via one joint email by **May 9, 2022**.

**IT IS SO ORDERED.**

Dated:  April 15, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] In the instant motion, the parties repeatedly state that they seek to extend the date to file discovery motions. ECF No. 37 at 3 ("the parties respectfully request that the Court enter the order submitted herewith, extending the deadlines for the parties *to bring discovery motions*") (emphasis added); ECF No. 37-1 at 3 ("Plaintiffs and Defendant agree that an extension of 14 days to the deadlines *for filing discovery motions* is necessary ...") (emphasis added); *id*. ("[the parties] represent that cause exists *to extend the deadlines to file discovery motions* by 14 days") (emphasis added). The Court reminds the parties that the deadline at issue here is not the deadline to file a discovery motion, it is the deadline **to raise the dispute with the Court via joint email**. *See* Chmb.R. at 3–4 (requiring that the parties send the Court a joint email regarding the disputes no later than 45 days after the response at issue is served). The Court reminds the parties that "***[n]o discovery motion may be filed until the Court has conducted its pre-motion conference***, unless the movant has obtained leave of Court. The Court may strike any discovery motion that is filed without complying with this process." Chmb.R. at 3.