UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOLOGICS, LLC, MUELLER INTERNATIONAL, LLC, and MUELLER CANADA, LTD. d/b/a ECHOLOGICS,<br><br>Plaintiffs,<br><br>v.<br><br>ORBIS INTELLIGENT SYSTEMS, INC.,<br><br>Defendant. | Case No.: 3:21-cv-01147-RBM-AHG<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. 80] |

Presently before the Court is a motion to seal filed on November 18, 2022 by Defendant Orbis Intelligent Systems, Inc. ("Defendant"). (Doc. 80 ("Motion" or "Mot.").) Plaintiffs Echologics, LLC, Mueller International, LLC, and Mueller Canada, Ltd. d/b/a Echologics ("Plaintiffs") filed a response to Defendant's Motion on December 13, 2022. (Doc. 88 ("Response").)  For the reasons discussed below, Defendant's Motion is **GRANTED**.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

      A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id*. at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id*.

      The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.

      Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-

LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting FED. R. CIV. P. 269(c)(1)(G)).

## II.   DISCUSSION

Defendant seeks to seal portions of Defendant's Motion for Leave to Amend Pleadings and Leave to Amend Final Invalidity Contentions. Specifically, Defendant seeks to seal portions of Exhibits K, L, M, N, O, and P to the Declaration of Kathleen R. Geyer because that information has been designated Confidential by Plaintiffs pursuant to the parties' stipulated protective order. (*See* Mot. at 4–5.)

Pursuant to Section IV.B of this Court's Chamber Rules, Plaintiffs submitted a Response in support of Defendant's motion to seal. In their Response, Plaintiffs withdraw their confidentiality designations as to the deposition excerpts and documents attached as Exhibits M, N, O, and P to the Declaration of Kathleen R. Geyer, and seek an order sealing only portions of Exhibits K and L. (*Id*. at 2.) Plaintiffs argue sealing is appropriate in this case because "[d]isclosure of the information that Plaintiffs seek to remain under seal in Exhibits K and L would be likely to cause commercial harm to Plaintiffs and give Plaintiffs' competitors an unfair advantage." (*Id*. at 4 (citing *Kamakana*, 447 F.3d at 1178–79).) Plaintiffs further argue the information at issue describes Plaintiffs' "manufacturing processes, methods of production, and the internal structure of Plaintiffs' product," as well as "confidential and sensitive commercial information about Plaintiffs' product development and approval processes." (*Id*.)

The Court finds compelling reasons to seal portions of Exhibits K and L to the Declaration of Kathleen R. Geyer. Having reviewed Plaintiffs' proposed redactions to these exhibits, the Court finds the proposed redactions and sealing request narrowly tailored to protect only that information directly related to Plaintiffs' commercially sensitive information. Additionally, the Court finds that the information, if disclosed, could potentially hurt Plaintiffs' competitive standing. *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents where court found such information

"could be improperly used" by competitors).

## III. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to seal (Doc. 80).

**IT IS SO ORDERED.**

DATE:  December 14, 2022

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE