# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ECHOLOGICS, LLC; MUELLER INTERNATIONAL, LLC; and MUELLER CANADA, LTD., d/b/a Echologics,

Plaintiffs,

v.

ORBIS INTELLIGENT SYSTEMS, INC.,

Defendant.

Case No.:  21-cv-01147-H-AHG

**PROPOSED AMENDED SCHEDULING ORDER**

On June 22, 2021, Plaintiffs Echologics, LLC, Mueller International, LLC, and Mueller Canada, Ltd. d/b/a Echologics (collectively "Echologics") filed a complaint for patent infringement against Defendant Orbis Intelligent Systems, Inc. ("Orbis"), alleging infringement of the U.S. Patent No. 10,881,888 ("the '888 Patent). (Doc. No. 1, Compl.) On July 19, 2021, Orbis filed an answer to Echologics' complaint and counterclaims. (Doc. No. 14.)  On November 8, 2021, the Court issued a scheduling order.  (Doc. No. 30.)

On November 9, 2021, the Court denied Orbis' motion to transfer venue.  (Doc. No. 31.)  On June 27, 2022, the Court issued a claim construction order, construing the disputed claim terms from the '888 Patent.  (Doc. No. 64.)

On November 17, 2022, the Court issued a first amended scheduling order.  (Doc.

No. 79.)  On December 15, 2022, the Court denied Orbis' motion for leave to file an amended answer and counterclaims, and the Court granted Orbis leave to serve amended final invalidity contentions.  (Doc. No. 91 at 18.)

In light of the current stage of the proceedings, the Court issues the following proposed amended scheduling order set forth below.  The parties must meet and confer and jointly file any proposed modifications to the Court's proposed amended scheduling order by **January 9, 2023**.

1.    Prior to the filing of any discovery-related motion, the parties must meet and confer regarding the discovery dispute, and then provide the district judge with a summary of the discovery dispute through a one-page joint filing.

2.    Defendant Orbis must serve its amended final infringement contentions on or before **December 29, 2022**.  (Doc. No. 91 at 18.)

3.    Any contradictory or rebuttal expert disclosures within the meaning of Federal Rule of Civil Procedure 26(a)(2)(D)(ii) shall be disclosed on or before **January 13, 2023**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B).  If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(C).  Any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37.

4.    All expert discovery must be completed on or before **February 3, 2023**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

5.    The parties must conduct a settlement conference in accordance with Patent Local Rule 2.1(c).  The parties must contact the Magistrate Judge assigned to this case by **February 10, 2023**, to arrange a date for the settlement conference.

6.     All motions, including motions addressing <u>Daubert</u> issues, but excluding earlier motions to amend or join parties and later motions in limine, must be filed on or before **February 13, 2023**.  Any oppositions must be filed on or before **February 27, 2023**.  Any replies must be filed on or before **March 6, 2023**.  The Court schedules a motion hearing for **Monday, March 27, 2023**, at **1:30 p.m.**  The Court reserves the right to vacate the hearing and submit the motions on the parties' papers pursuant to Civil Local Rule 7.1(d)(1).  The Court reminds the parties that they do not need to wait until the last minute to file their motions.  For any motion filed more than two weeks before the motion-filing cut-off date, the moving party must contact chambers to schedule a hearing date.

All briefing in this action must comply with Civil Local Rule 7.1(h).  Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per side, for all such motions without leave of the Court who will hear the motion.  No reply memorandum will exceed ten (10) pages without leave of the Court.[1]

7.     The parties must file and submit to the Court's e-file inbox a juror questionnaire, including a question regarding time-screening for trial, on or before **April 3, 2023**.

8.     Counsel must file their Memoranda of Contentions of Fact and Law in compliance with Civil Local Rule 16.1(f)(2) on or before **April 10, 2023**.

9.     Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **April 10, 2023**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

10.     Counsel must meet together and take the action required by Civil Local Rule

---

[1]     Any motion for leave to file briefing in excess of the "motion day" page limits set forth in Civil Local Rule 7.1(h) must be filed at least one week in advance of the proposed excessive filing along with a showing of good cause for exceeding the Court's page limits.

16.1(f)(4) on or before **April 17, 2023**.  At this meeting, counsel must discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment.   The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel will note any objections they have to any other party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel will cooperate in the preparation of the proposed pretrial conference order.

11.    Counsel for Plaintiffs will be responsible for preparing the proposed pretrial order in accordance with Civil Local Rule 16.1(f)(6)(a).  On or before **April 24, 2023**, Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiffs' counsel concerning any objections to form or content of the pretrial order, and the parties must attempt promptly to resolve their differences, if any, concerning the order.

12.    The Proposed Final Pretrial Conference Order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures, must be served and e-mailed to the District Judge's e-file inbox on or before **May 1, 2023**, in accordance with Civil Local Rule 16.1(f)(6).

13.    The final pretrial conference and hearing on motions in limine will be held before the Honorable Marilyn L. Huff on **Monday, May 15, 2023**, at **10:30 a.m.**  Lead trial counsel must appear in person absent further order of the Court.  All motions in limine must be filed on or before **April 10, 2023**.  Any oppositions to motions in limine must be filed on or before **April 24, 2023**.  Any replies must be filed on or before **May 1, 2023**. Absent further order of the Court, each side may file no more than five motions in limine, and the total briefing for all such motions in limine must not exceed twenty-five (25) pages in length.

14.    If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **April 17, 2023**.  The parties must exchange counter-designations by **May 1, 2023**.  If

deposition testimony is used at trial in lieu of a live witness, the Court will determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

15. The parties must submit proposed verdict forms by **May 22, 2023**.

16. The parties must submit any proposed voir dire questions for the jury on or before **May 22, 2023**. The jury will consist of eight (8) jurors. Each party will have three challenges. The Court uses the Arizona blind strike method.

17. The Court orders the parties to file proposed jury instructions on or before **May 22, 2023**. Copies of the jury instructions are to be filed with the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Additionally, the Court orders the parties to send to chambers via the Court's e-file e-mail address a clean copy of the requested jury instructions with "Court's Instruction No. _____" behind each annotated instruction. The clean instructions must be sent to chambers by **May 22, 2023**. The clean instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers. Further, the clean instructions must be fully completed and in a format that could be read to the jury if adopted by the Court. The parties must remove any brackets, fill in any blanks, and make the necessary selections where applicable to any model instructions.

18. The Court orders the parties to provide separate exhibit lists to the Courtroom Deputy at the pretrial conference on **May 22, 2023**. The exhibits must be premarked with Plaintiffs using numbers and Defendant using letters in accordance with the Civil Local Rules. Exhibit stickers are available in the Clerk's office. If a party wishes to use electronic or demonstrative equipment during trial, the Court directs the party to contact the Courtroom Deputy to schedule an appropriate time to setup the equipment before the trial begins and submit a proposed order by **May 15, 2023**, to allow the equipment to proceed through security.

19. The Court schedules trial for **Tuesday, May 23, 2023**, at **9:00 a.m.**

20. The parties must comply with case management orders set by the Court.

21.     The Court will not modify the dates and times set forth in this order except for good cause shown.

**IT IS SO ORDERED.**

DATED: December 27, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT